IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

      Plaintiff,  :  Case No. 3:13-cr-098

           District Judge Thomas M. Rose
 - vs -        Magistrate Judge Michael R. Merz

THOMAS GENE JORDAN, JR.,

      Defendant. :

## REPORT AND RECOMMENDATIONS

  This case is before the Court for initial review of Defendant Jordan's Motion to Vacate Sentence under 28 U.S.C. § 2255 (ECF No. 66), filed June 20, 2016, with the assistance of appointed counsel. Rule 4(b) of the Rules Governing § 2255 Proceedings provides:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States to file an answer, motion, or other response within a fixed time, or take other action the judge may order.

  All collateral attacks on criminal convictions filed at the Dayton location of court are referred to the undersigned by General Order Day 13-01.

1

Jordan claims the benefit of *Johnson v. United States*, 576 U.S. ___, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015), the Supreme Court found the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1), to be unconstitutionally vague.  *Johnson* announced a new substantive rule that has retroactive effect in cases on collateral review.  *Welch v. United States*, 576 U.S. ___, 136 S. Ct. 1257 (2016);  *In re:  Windy Watkins*, 810 F.3d 375 (6th Cir. 2015). Jordan asserts the residual clause of the career offender Sentencing Guideline is unconstitutional on the same basis as *Johnson* and indeed the Sixth Circuit has so held  *United States v. Pawlak*, ___ F.3d ___, 2016 U.S. App. LEXIS 8798 (6th Cir. May 13, 2016).

**Procedural History**

On July 11, 2013, Defendant Jordan was indicted by the grand jury for this District for conspiracy to distribute heroin (Count One) and actual distribution of heroin on two different dates in June 2013 (Counts Two and Three)(Indictment, ECF No. 15).  On November 12 2013, Jordan entered into a Plea Agreement with the United States under which he agreed to plead guilty to Count  Three (ECF No. 34).  The Plea Agreement was made under Fed. R. Crim. P. 11(c)(1)(C) with an agreed sentencing range of 36 to 72 months. *Id.*  at PageID 115.

Judge Rose referred the case to the United States Probation Department for preparation of a Presentence Investigation Report ("PSR").  Having reviewed the PSR, Judge Rose sentenced Jordan to seventy-two months imprisonment (Minutes, ECF No. 49; Judgment, ECF No. 50). Neither party appealed and the conviction became final when the appeal time expired February 28, 2014.  The instant Motion was filed June 20, 2016.

## Analysis

Jordan argues that Judge Rose found him to be a career offender under the Sentencing Guidelines based on finding that the offense of conviction was a controlled substance offense and Jordan had two qualifying predicate offenses (Motion, ECF No. 66, PageID 253).

The PSR recommended finding Jordan was a career offender because the offense of conviction was a controlled substance offense under U.S.S.G. 4B1.2(b).  Somewhat confusingly, Jordan's argues that, after *Johnson*, *supra*, "his instant offense of Distribution of a Substance Containing a Detectable Amount of Heroin, a Schedule I Controlled Substance no longer qualifies as a 'crime of violence.'" *Id.* at PageID 254.  But the PSR never recommended and the Court never found distribution of heroin was a crime of violence, nor was such a finding necessary.  The definition of career offender in U.S.S.G. 4B1.1 is

> (a) A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence **OR** a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

(Emphasis added.)  Thus there was no need to find distribution of heroin as charged in Count Three was a crime of violence so long as it was a controlled substance offense.  It clearly met that definition under U.S.S.G. 4B1.2(b).

The career offender definition also requires two qualifying predicate offenses, to wit, felony convictions for either a crime of violence or a controlled substances offense.  In the career

3

offender section, the PSR refers to prior convictions for robbery on March 8, 2005, and for trafficking in crack cocaine on March 29, 2011 (PSR ¶ 57).

Jordan makes no argument that the crack cocaine conviction does not qualify, but focuses on the robbery conviction. That conviction is specified in ¶ 63 of the PSR as having been in the Montgomery County Court of Common Pleas in Case No. 2004-CR-4653. Although the PSR recites facts involving the threat of deadly force – the brandishing of a revolver – the Court must look to the statutory elements of the offense in the Ohio Revised Code, rather than to the actual facts of commission. *Mathis v. United States,* ___ U.S. ___, 2016 U.S. LEXIS 4060, *8 (June 23, 2016).

Jordan argues his robbery conviction was not for a crime of violence because robbery in violation of Ohio Revised Code § 2911.02 "does not require an element of 'force' to commit it." Upon examination, however, Ohio Revised Code § 2911.02 is a divisible statute proscribing three different crimes with different elements:

> (A) No person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall do any of the following:
>
> (1) Have a deadly weapon on or about the offender's person or under the offender's control;
>
> (2) Inflict, attempt to inflict, or threaten to inflict physical harm on another;
>
> (3) Use or threaten the immediate use of force against another.
>
> (B) Whoever violates this section is guilty of robbery. A violation of division (A)(1) or (2) of this section is a felony of the second degree. A violation of division (A)(3) of this section is a felony of the third degree.

4

PSR ¶ 63 reports that Jordan was convicted under the "use of force" subsection, to wit, Ohio Revised Code § 2911.02(A)(3). U.S.S.G. 4B1.2(a)(1) defines crime of violence in part as any felony which has as an element the use, attempted use, or threatened use of force against the person of another. Ohio Revised Code § 2911.02(A)(3) fits comfortably within that definition. Therefore Jordan's March 8, 2005, conviction for robbery is a proper qualifying predicate offense for career offender classification purposes.

But even if the robbery conviction did not qualify, Jordan has a prior felony controlled substances conviction, in addition to the one counted by the PSR. On November 4, 2006, he was convicted of possession of crack cocaine in an amount of at least five grams but less than ten grams in Montgomery County Common Pleas Court Case No. 2006-CR-4373 (PSR ¶ 66). This was a felony offense carrying a mandatory minimum sentence of one year and was committed by Jordan when he was twenty years old. Thus even if the robbery conviction were not a qualifying crime of violence, Jordan had two qualifying predicate controlled substances offenses.

Finally, Jordan's conviction became final February 28, 2014, and the instant Motion was not filed until June 20, 2016, more than two years later. 28 U.S.C. § 2255(f) provides a one-year statute of limitations for § 2255 motions which runs from the date the conviction became final unless some other subsection applies. Jordan argues that he comes within § 2255(f)(3) which provides for the one year to run from

> (3)
> the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review

Jordan reasons that the Supreme Court recognized a new right in *Johnson, supra*, and he filed within one year of the *Johnson* decision (Motion, ECF No. 66, PageID 268). The Magistrate

5

Judge agrees that § 2255 motions raising claims under *Johnson* are timely if made before June 27, 2015. But *Johnson* invalidated the residual clause of the ACCA and, inferentially, the residual clause of the Guidelines. Jordan's claims is that his robbery conviction does not meet the "elements" clause of the Guidelines. *Johnson* does not reopen the statute of limitations for any and all career offender claims under the Guidelines, but only those raising the new right recognized in *Johnson*. The instant Motion is therefore barred by the statute of limitations.

**Conclusion**

In accordance with the foregoing analysis, it is respectfully recommended that the instant § 2255 Motion be DISMISSED WITH PREJUDICE. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

July 8, 2016.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such

portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).