# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

                Plaintiff,        :        Case No. 3:13-cr-098

                                            District Judge Thomas M. Rose
-  vs  -                              Magistrate Judge Michael R. Merz

THOMAS GENE JORDAN, JR.,

                Defendant.      :

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This case is before the Court on Defendant's Objections (ECF No. 69) to the Magistrate Judge's Report and Recommendations (ECF No. 68). Judge Rose has recommitted the matter for reconsideration in light of the Objections (ECF No. 70). The time within which the United States could have filed a response to the Objections has expired.

The Report found that Jordan had been convicted on one count of distribution of heroin on his negotiated plea of guilty to that charge and was then sentenced to seventy-two months imprisonment which was within the agreed guideline sentencing range (ECF No. 68, PageID 272). The Presentence Investigation Report ("PSR") concluded Jordan was a career offender under the Sentencing Guidelines because he had prior convictions for robbery in 2005 and trafficking in crack cocaine in 2011. *Id.* at PageID 273-74. While Jordan's § 2255 Motion made no attack on the crack cocaine conviction, it did claim the robbery was not a qualifying predicate

1

offense (Motion, ECF No. 66, PageID 261-62). The Report rejected that claim on the merits (Report, ECF No. 68, PageID 274-75). Jordan objects to that conclusion, but offers no argument as to why the Report's analysis on that point is in error (Objections, ECF No. 69, PageID 279).

The Report found that, even if the robbery conviction were excluded, Jordan had another qualifying predicate offense, to wit, his 2006 conviction for possession of crack cocaine (Report, ECF No. 68, PageID 275). Jordan objects that this conviction was for simple possession and not any of the acts listed in U.S.S.G. § 4B1.2(b): manufacturing, importing, exporting, distributing, or dispensing (Objections, ECF No. 69, PageID 279). The Indictment in the case, Montgomery County Common Pleas Court Case No 2006-CR-4373, charged Jordan with possession of a quantity of crack cocaine in violation of Ohio Revised Code § 2925.11(A). That statute prohibits simple possession of controlled substances. Therefore Jordan's objection on this point is WELL TAKEN; his 2006 crack cocaine conviction **cannot** properly be counted as a predicate offense for career offender determination. Eliminating the 2006 crack conviction as a qualifying predicate offense leaves the robbery conviction and the 2010 crack cocaine trafficking conviction and two qualifying predicate offenses are sufficient.

The Report also concluded Jordan's § 2255 Motion was untimely because it was filed more than a year after his conviction became final (Report, ECF No. 69, PageID 275). Jordan objects "[i]t is Jordan's position that his robbery conviction in 2005 is not a crime of violence . . ." (Objections, ECF No. 69, PageID 279.) But the Guideline language in question did not change in the year before Jordan filed. That is to say, the question whether the robbery conviction was a crime of violence under U.S.S.G. § 4B1.2(b) was the same in 2014 when it was counted for that purpose as it is today.

Jordan correctly points out that the Supreme Court has held that the new rule in *Johnson* has been classified as a substantive rule and therefore applicable on collateral review in *Welch v. United States*, 576 U.S. ___, 136 S. Ct. 1257 (April 18, 2016). The rule in *Johnson* is of course that the residual clause of the Armed Career Criminal Act is unconstitutionally vague. The Sixth Circuit has now held that *Johnson* applies to the residual clause of the Sentencing Guidelines, U.S.S.G. §4B1.2(a)(2). *United States v. Pawlak*, 822 F.3d 902 (6th Cir. 2016). But the residual clause was never applied to Jordan. He was found to be a career offender because the robbery predicate offense was a crime of violence as defined in U.S.S.G. § 4B1.2(a)(1), the so-called elements clause.

**Conclusion**

Upon reconsideration, the Magistrate Judge again respectfully recommends the § 2255 Motion be DISMISSED WITH PREJUDICE. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

August 9, 2016.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).