# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

           Plaintiff,    :    Case No. 3:13-cr-098

                      District Judge Thomas M. Rose
- vs -                     Magistrate Judge Michael R. Merz

THOMAS GENE JORDAN, JR.,

           Defendant.    :

# REPORT AND RECOMMENDATIONS ON MOTION FOR CERTIFICATE OF APPEALABILITY

This case is before the Court on Defendant's Motion for Certificate of Appealability (ECF No. 74). As a post-judgment motion, it is deemed referred to the Magistrate Judge under 28 U.S.C. § 636(b)(3) for a recommended decision.

In the initial Report and Recommendations in this § 2255 proceeding, the Magistrate Judge recommended denying a certificate of appealability upon concluding that reasonable jurists would not disagree with the conclusion that the § 2255 Motion should be dismissed with prejudice (ECF No. 68, PageID 276). Upon recommittal, the Magistrate Judge filed a Supplemental Report and Recommendations reaching the same conclusion about appealability (ECF No. 71, PageID 284). Jordan filed no objections and Judge Rose adopted the Supplemental Report, expressly finding that reasonable jurists would not disagree with dismissal of the

1

proceeding (ECF No. 72, PageID 286). Jordan appealed and filed the instant Motion the same day.

Because Jordan failed to object to the Supplemental Report and Recommendations, he has forfeited his right to raise as error the conclusions made in that Report. *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985). The Court of Appeals can, however, waive that forfeiture should it choose.

Because the instant Motion for a certificate of appealability is made after a judgment denying such a certificate, it should be adjudicated under the standards applicable to a motion for relief from judgment.[1] That is, he must show under Fed. R. Civ. P. 60(b)(1) that this Court made a mistake of law in denying a certificate of appealability.

Regarding the conclusion that his § 2255 Motion was untimely, Jordan relies on the conclusion in *Welch v. United States*, 576 U.S. ___, 136 S. Ct. 1257 (2016), that the holding in *Johnson v. United States*, 576 U.S. ___, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015), that the residual clause of the Armed Career Criminal Act ("ACCA") is unconstitutionally vague as applicable to cases on collateral review. As both the Report and the Supplemental Report point out, however, Jordan was not found to be a career criminal under the ACCA, but rather a career offender under the elements clause of the Sentencing Guidelines. *Welch* simply does not apply and Jordan cites no jurist, reasonable or not, who disagrees.

Jordan also seeks a certificate of appealability on his claim that his prior robbery conviction should be excluded as a qualifying predicate offense under the Guidelines. The Report found that the Ohio statute of conviction, Ohio Revised Code § 2911.02(A), is a divisible statute proscribing three different crimes with different elements (ECF No. 68, PageID 274). The Presentence Investigation Report shows that Jordan was convicted under Ohio Revised Code

---

[1] The Motion was filed too late to be considered under Fed. R. Civ. P. 59(e).

§ 2911.02(A)(3), the use of force subsection. *Id.* Jordan argues "[s]aid Ohio statute does not require physical force," but cites no Ohio authority to that effect. He relies on ¶ 63 of the PSR which says Jordan "displayed a revolver" in the course of committing the robbery. U.S.S.G. § 4B1.2(a)(1) defines "crime of violence" as including a "threatened use of force against the person of another." What is the display of a revolver during a robbery other than a threat of the use of force against the person of another? In any event, a federal court must look to the elements of the state crime and not to the actual facts of commission. *Mathis v. United States,* 579 U.S. ___, 136 S. Ct. 2243, 195 L. Ed. 2d 604, 610 (2016). Jordan cites no reasonable jurists who agree with his position.

**Conclusion**

Even considering the matter de novo, the Court should conclude reasonable jurists would not disagree with the Court's conclusion that this § 2255 proceeding should be dismissed with prejudice. The Motion for Certificate of Appealability should therefore be DENIED.

October 14, 2016.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).