# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

           Plaintiff,    :    Case No. 3:13-cr-098

                        District Judge Thomas M. Rose
- vs -                     Magistrate Judge Michael R. Merz

THOMAS GENE JORDAN, JR.,

           Defendant.    :

## REPORT AND RECOMMENDATIONS ON MOTION FOR RECONSIDERATION

This § 2255 case is before the Court on Defendant's Motion for Reconsideration (ECF No. 76).

Jordan, through counsel, filed his § 2255 Motion to Vacate on June 20, 2016 (ECF No. 66). The Magistrate Judge filed a Report and Recommendations (ECF No. 68) and, on recommittal, a Supplemental Report and Recommendations (ECF No. 71), the latter on August 9, 2016. Each Report contained at the end the following:

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is

1

> being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).

(See ECF No. 68, PageID 276-77, and ECF No. 71, PageID 285.) Each of the Reports contained a recommendation that Mr. Jordan be denied a certificate of appealability. Although Jordan's counsel filed Objections to the original Report (ECF No. 69), he filed no objections to the Supplemental Report. Objections to the Supplemental Report were due August 26, 2016. When none were filed, Judge Rose adopted the Supplemental Report, expressly denying a certificate of appealability and certifying to the Sixth Circuit that "an appeal would be objectively frivolous." (ECF No. 72, PageID 286.)

Judge Rose's adoption Order was entered on August 30, 2016. *Id.* Jordan filed his Notice of Appeal (ECF No. 73) and a document captioned "Appellant's Request for Certificate of Appealability" on October 7, 2016 (ECF No. 73, 74). On October 14, 2016, the Magistrate Judge filed a Report recommending denial of the Request, both on the merits and because Jordan had filed no objections to the Supplemental Report (ECF No. 75). Jordan's time to object to that Report runs until October 31, 2016.

2

Jordan says he had no intention to waive his substantive objections to the Supplemental Report.  Instead, "[i]t was a procedural error only that objections were not filed. . . ."  (ECF No. 76, PageID 297.)  Furthermore, as soon as the procedural error was realized, to wit, on October 14, 2016, Jordan's counsel filed the Motion for Reconsideration. *Id.*  Instead of filing objections, counsel says, he filed the Request for Certificate of Appealability on October 7, 2016. *Id.*  Jordan asks that the Objections made in the body of the Motion for Reconsideration be treated as timely-filed objections and that he be given de novo review. *Id.* at PageID 297-97.

## Analysis

The Motion for Reconsideration is a post-judgment motion.  It was filed forty-five days after Judge Rose adopted the Supplemental Report and is thus too late to be considered as a motion to alter or amend the judgment under Fed. R. Civ. P. 59(e); the time limit in that Rule is one the Court is not empowered to extend.  See Fed. R. Civ. P.  6(b)(2)(B).  The Motion must therefore be considered as a motion for relief from judgment under Fed. R. Civ. P. 60(b).  Because a Notice of Appeal has already been filed, this Court lacks authority to grant the Motion.  Filing a notice of appeal divests the District Court of jurisdiction over a case and vests jurisdiction in the Circuit Court of Appeals until the district court receives the mandate of the court of appeals. *Marrese v. American Academy of Orthopaedic Surgeons*, 470 U.S. 373 (1985); *Pickens v. Howes*, 549 F.3d 377, 381 (6th Cir. 2008); *Pittock v. Otis Elevator Co.*, 8 F.3d 325, 327 (6th Cir. 1993); *Lewis v. Alexander*, 987 F.2d 392, 394 (6th Cir. 1993); *Cochran v. Birkel*, 651 F.2d 1219, 1221 (6th Cir. 1981).  The general rule used to mean that a district court has no jurisdiction to consider a motion for relief from judgment after a timely notice of appeal.

However, effective December 1, 2009, the Rules of Civil Procedure were amended to add Fed. R. Civ. P. 62.1 which provides:

> **Rule 62.1. Indicative Ruling on a Motion for Relief That is Barred by a Pending Appeal**
>
> (a) Relief Pending Appeal. If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may:
>   (1) defer considering the motion;
>   (2) deny the motion; or
>   (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.

Jordan has not made an explicit argument under Fed. R. Civ. P. 60(b), but his implicit argument seems to be that he always intended to object to the Supplemental Report, but did not do so because of a "procedural error."  That sounds like an argument under Fed. R. Civ. P. 60(b)(1) which permits a court to relieve a party from "mistake, inadvertence, surprise, or excusable neglect."

The Motion for Reconsideration does not satisfy Fed. R. Civ. P. 60(b)(1).  The Supreme Court has held that excusable neglect is not limited to situations beyond the control of lawyer or client, such as Acts of God, but includes negligent failures to file.  *Pioneer Investment v. Brunswick*, 507 U.S. 380 (1993). As to whether a particular neglect is excusable or not, it held that

> ... the determination is at bottom an equitable one, taking into account all relevant circumstances surrounding the party's omission.  These include, as the Court of Appeals found, the danger of prejudice to the debtor [or other adverse party] the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the

>reasonable control of the movant, and whether the movant acted in good faith..

507 U.S. at 395. The Court also held that a client must be held responsible for the neglect of his counsel. *Id*.

On a Rule 60(b)(1) motion, a party must first demonstrate excusable neglect before prejudice to the party will be considered. *Waifersong, Ltd. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992). The Sixth Circuit has expressly held that clients must "be held accountable for the acts and omissions of their chosen counsel." *Allen v. Murph*, 194 F.3d 722, 724 (6th Cir. 1999), *quoting Pioneer*, 507 U.S. at 396-97 .

Jordan's counsel has not shown excusable neglect. Jordan's counsel claims only that it was "procedural error" that caused the omission. But what caused the "procedural error"? Federal R. Civ. P. 72 is very clear about when objections to a Magistrate Judge's recommendations must be filed. Jordan's Motion for Certificate of Appealability was not filed until six weeks after objections were due, three times the amount of time allowed by the Rules. Apart from the Rules themselves, this Court gave Jordan independent notice of when the time expired, notice with which his counsel complied in objecting to the original Report.

Even if the Court were to find excusable neglect, reopen the judgment, and review the Reports de novo, it should not grant the § 2255 Motion for the following reasons:

Both Reports found that the § 2255 Motion was untimely filed. Jordan claims he was timely because he filed within a year of the Supreme Court's declaration in *Johnson v. United States*, 135 S. Ct. 2551 (2015), that the residual clause of the Armed Career Criminal Act is unconstitutionally vague. The Magistrate Judge agrees that § 2255 motions raising *Johnson* claims are timely if filed within a year of that decision. But Jordan was not sentenced under the ACCA. Rather he was found to be a career offender under the Sentencing Guidelines without

5

resort to the residual clause of the Guidelines held unconstitutionally vague by the Sixth Circuit in *United States v. Pawlak*, 822 F.3d 902 (6th Cir. 2016).  The Objections within the Motion for Reconsideration do not speak to this point or show that reasonable jurists could disagree with the conclusions in the Reports on timeliness.

The Supplemental Report concluded that, even with exclusion of a drug offense which had been counted as a qualifying predicate offense, Jordan had two qualifying convictions, one for robbery and another for trafficking in crack cocaine (ECF No. 71, PageID 283).

Jordan argues in his Motion for Reconsideration that his 2004 Montgomery County robbery conviction should not be counted as a qualifying crime of violence (Motion, ECF No. 76, PageID 299).  He notes that the so-called elements clause of the Guidelines requires that a qualifying crime of violence have as an element "the use, attempted use, or threatened use of physical force against the person of another." *Id.*  Jordan pleaded guilty, as the Motion admits and the Presentence Investigation Report confirms, to robbery in violation of Ohio Revised Code § 2911.02(A)(3) which prohibits theft combined with use or threatened immediate use of force against another.  The original Report showed why this conviction qualified under the Guidelines (ECF No. 68, PageID 274-75).  The Supplemental Report noted that Jordan objected generally to that conclusion but offered "no argument as to why the Report's analysis on that point is in error."  (ECF No. 71, PageID 283.)  Jordan offers no analysis to the contrary except to argue, without citation, that the Ohio statute does not require physical force (Motion, ECF No. 76, PageID 299).  But the Guidelines also do not require that actual use of force, but only the threatened use of force, e.g., by displaying a revolver, which is what the PSR says Jordan did and which he does not deny in the Motion.  Again, Jordan cites no authority for the proposition that

any court has found robbery under Ohio Revised Code § 2911.02(A)(3) does not qualify under the Guidelines.

In sum, if the Court decides to find excusable neglect and review the Report and Supplemental Report de novo, it should still conclude Jordan is not entitled to relief on his § 2255 Motion.

**Conclusion**

For the reasons given, Jordan's Motion for Reconsideration, considered as motion for relief from judgment, should be denied pursuant to Fed. R. Civ. P. 62.1. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

October 18, 2016.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections

within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).