# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

                Plaintiff,      :      Case No. 3:13-cr-098

                                        District Judge Thomas M. Rose
  -  vs  -                             Magistrate Judge Michael R. Merz

THOMAS GENE JORDAN, JR.,

                Defendant.     :

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This case is before the Court on Defendant's Objections (ECF No. 78) to the Magistrate Judge's Report and Recommendations on the Motion for Reconsideration (ECF No. 77). Judge Rose has recommitted the case for reconsideration in light of the Objections (Recommittal Order, ECF No. 79).

**Relief from Judgment**

Although the Objections are directed specifically to the Report and Recommendations of October 18, 2016, Jordan requests *de novo* review of his § 2255 Motion. He also now characterizes his Motion for Reconsideration as a motion for relief from judgment under Fed. R.

1

Civ. P. 60. In the body of the Motion, however, he requested that his Motion for Certificate of Appealability be considered as "objections to the Magistrate Judge's Supplemental Report and Recommendations filed on August 9, 2016"; Rule 60 is not mentioned anywhere in the Motion for Reconsideration (ECF No. 76, PageID 296).

Jordan is correct that if he had filed a motion for relief from judgment under Fed. R. Civ. P. 60(b), it would be within the one-year time limit set by Fed. R. Civ. P. 60(c). The Court is prepared to treat the present Objections as such a motion; there is no jurisdictional bar to doing so.

Federal R. Civ. P. 60(b)(1), on which Jordan relies, provides "[o]n motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons (1) mistake, inadvertence, surprise, or excusable neglect." In order to be eligible for relief under 60(b)(1) the movant must demonstrate the following: (1) The existence of mistake, inadvertence, surprise, or excusable neglect; (2) that he has a meritorious claim or defense. *Marshall v. Monroe & Sons, Inc.*, 615 F.2d 1156, 1160 (6th Cir. 1980), *citing Ben Sager Chemicals International, Inc. v. E. Targosz & Co.*, 560 F.2d 805, 808 (7th Cir. 1977); *Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir. 1970); *Central Operating Company v. Utility Workers of America*, 491 F.2d 245 (4th Cir. 1973).

Jordan's counsel first emphasizes he acted in good faith and that this is his first § 2255 motion.

> The mistake for not filing [objections to the Supplemental Report and Recommendations] timely was a procedural error. Counsel in good faith believed that the next step to preserving Jordan's rights and interests as well as advocating on his behalf was to file a Notice of Appeal and Certificate of Appealability in the Sixth Circuit Court, which was filed on October 7, 2016 (ECF No. 74).

> For the same reasons provided, Jordan through Counsel has demonstrated excusable neglect.

(Objections, ECF No. 78, PageID 310-11.)  Both Fed. R. Civ. P. 72(b) and the actual text of the Notice at the end of the Supplemental Report and Recommendations remind the reader that objections must be filed within seventeen days of service.  The deadline is not buried in some obscure statute or rule, but appears on the face of the Civil Rule dealing with Magistrate Judge reports and recommendations and is again referenced in the Notice appended to every report and recommendations filed by the undersigned.  Jordan's counsel had actually filed Objections within the same time frame to the original Report and Recommendations (See ECF No. 69).  The Supreme Court has held "[a]lthough inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect, it is clear that 'excusable neglect' under Rule 6(b) is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant."  *Pioneer Inv. Services v. Brunswick Associates*, 507 U.S. 380 (1993).  The Sixth Circuit has held excusable neglect is a strict standard which is met only in extraordinary circumstances, *Nicholson v. City of Warren*, 467 F.3d 525 (6th Cir. 2006), *citing Marsh v. Richardson*, 873 F.2d 129, 130 (6th Cir. 1989).  In *Pioneer*, the Supreme Court adopted the following standard for judging a claim of excusable neglect:

> ... the determination is at bottom an equitable one, taking into account all relevant circumstances surrounding the party's omission. These include, as the Court of Appeals found, the danger of prejudice to the debtor [or other adverse party] the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith..

507 U.S. at 395.  Although Jordan's counsel has not said how he made the mistake, the Court can hypothesize how it might have happened.  Recommittal of matters for supplemental reports and

recommendations, although common with this particular Magistrate Judge, is not a common practice in this Court with other Magistrate Judges. Counsel might mistakenly have believed that the Supplemental Report was just a supplement to the original Report and did not require additional objections. Although that is not the law, an attorney inexperienced with the practice might reasonably have assumed that was the correct way to proceed. Counsel did in fact timely file a Notice of Appeal, so there is no sense in which he had abandoned the case. The Magistrate Judge finds the failure to file objections to the Supplemental Report was excusable neglect.

With that finding made, the remaining findings required by *Pioneer*, *supra*, are relatively easy. The recommendation for dismissal of the § 2255 Motion was made on initial review without requiring an answer from the United States. The criminal judgment obtained by the United States in this case continues to be enforced by Mr. Jordan's continued incarceration.

Because the Defendant has appealed, this Court does not have jurisdiction to grant relief from its judgment. Filing a notice of appeal divests the District Court of jurisdiction over a case and vests jurisdiction in the Circuit Court of Appeals until the district court receives the mandate of the court of appeals. *Marrese v. American Academy of Orthopaedic Surgeons*, 470 U.S. 373 (1985); *Pickens v. Howes*, 549 F.3d 377, 381 (6th Cir. 2008); *Pittock v. Otis Elevator Co.*, 8 F.3d 325, 327 (6th Cir. 1993); *Lewis v. Alexander*, 987 F.2d 392, 394 (6th Cir. 1993); *Cochran v. Birkel*, 651 F.2d 1219, 1221 (6th Cir. 1981).

Fed. R. Civ. P. 62.1 provides:

> **Rule 62.1. Indicative Ruling on a Motion for Relief That is Barred by a Pending Appeal**
>
> (a) Relief Pending Appeal. If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may:
>   (1) defer considering the motion;

   (2) deny the motion; or

   (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.

 (b) Notice to the Court of Appeals. The movant must promptly notify the circuit clerk under Federal Rule of Appellate Procedure 12.1 if the district court states that it would grant the motion or that the motion raises a substantial issue.

 (c) Remand. The district court may decide the motion if the court of appeals remands for that purpose.

It is accordingly respectfully recommended that the Court enter an order indicating that it would grant the motion for relief from judgment if the Sixth Circuit remanded the case for that purpose.

November 1, 2016.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).