# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

                Plaintiff,      :      Case No. 3:13-cr-098

                                        District Judge Thomas M. Rose
  - vs -                              Magistrate Judge Michael R. Merz

THOMAS GENE JORDAN, JR.,

                Defendant.    :

## SECOND SUPPLEMENTAL REPORT AND RECOMMENDATIONS

      This § 2255 case is before the Magistrate Judge for consideration on the merits of the Objections made by Defendant as part of Defendant's Motion for Reconsideration (Order, ECF No. 84). The Court was barred from doing so when that Motion was filed, because Defendant had appealed to the Sixth Circuit (ECF No. 73) from this Court's Order dismissing the § 2255 Motion (ECF No. 72) and the Court had lost jurisdiction. The Court regained jurisdiction when the Sixth Circuit dismissed the appeal (ECF No. 83).

      In the Supplemental Report and Recommendations to which the Objections are directed, the Magistrate Judge recommended denying Jordan's § 2255 Motion. Mr. Jordan was sentenced as a career offender under the Sentencing Guidelines. The Supplemental Report concluded his 2006 crack cocaine conviction was for possession and did not qualify as a predicate offense under the Guidelines, but he had two other qualifying predicate offenses, robbery in 2005 and trafficking in crack cocaine in 2011, which together were sufficient to sustain the career offender

1

classification (ECF No. 71, PageID 282-83). The Supplemental Report also concluded the § 2255 Motion was time barred. *Id.* at PageID 283.

**First Objection: § 2255 Motion was Timely**

Jordan first objects that his § 2255 Motion was timely because it was filed within one year of the decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015)(ECF No. 76, PageID 297-98). *Johnson* declared the residual clause of the Armed Career Criminal Act ("ACCA") to be unconstitutionally vague. Then in *Welch v. United States*, 576 U.S. ___, 136 S. Ct. 1257 (April 18, 2016), the Supreme Court held *Johnson* created a new substantive rule, retroactively applicable to cases on collateral review.

Jordan, however, was not sentenced under the ACCA, but was found to be a career offender under the parallel residual clause of the Sentencing Guidelines. Jordan correctly notes that the Sixth Circuit held the Guidelines residual clause to be unconstitutionally vague in *United States v. Pawlak*, 822 F.3d 902 (6th Cir. 2016).

Jordan was not found to be a career offender under the residual clause of the Guidelines, but rather under the elements clause, based on his conviction of robbery, which is a crime with an element of use or threat of use of physical force. If that classification was in error, the error occurred at the time of judgment, February 14, 2014 (ECF No. 50). Jordan's § 2255 Motion was not filed until June 20, 2016, more than two years after the judgment became final when Jordan failed to appeal. The later conclusion by the Sixth Circuit in Pawlak that the residual clause of the Guidelines was unconstitutional did not reopen the statute of limitations for § 2255 claims based on other parts of the Gudielines.

Over and above that point, the Supreme Court has now abrogated *Pawlak* by holding that the void for vagueness doctrine does not apply to the Sentencing Guidelines. *Beckles v. United States*, 197 L. Ed. 2d 145 (2017).

**Second Objection:  Robbery is Not A Crime of Violence**

Jordan notes that the Sentencing Guidelines elements clause requires that a qualifying predicate offense have "as an element the use, attempted use, or threatened use of physical force against the person of another. . . ." (Objections, ECF No. 76, PageID 299, quoting U.S.S.G. § 4B1.1).  The robbery conviction counted against him was a conviction on a plea of guilty to violating Ohio Revised Code § 2911.02(A)(3) which prohibits a person, in connection with a theft offense, from using or threatening "the immediate use of force against another." Jordan argues the statute does not require the use of "physical" force and therefore does not qualify under the elements clause.  However, he cites no Ohio case law as interpreting Ohio Revised Code § 2911.02(A) to permit conviction on a showing of some kind of force other than physical force.  In contrast, the Sixth Circuit has held a conviction under Ohio Revised Code § 2911.02(A) is for a qualifying violent felony. *See United States v. Mansur*, 375 Fed.Appx. 458, 463-466 (6th Cir. 2010); *United States v. Sanders*, 470 F.3d 616, 623-24 & n.6 (6th Cir. 2006) (holding that a robbery conviction under Ohio Rev. Code § 2911.02(A) qualified as a violent felony).

Jordan also objects that the Presentence Investigation Report at ¶ 63 says that Jordan committed this robbery by displaying a revolver and that "no actual force was used."  (ECF No. 76, PageID 299).  However, both the Ohio statute and the Guidelines speak of "threatened use of

3

force" and it is difficult to imagine a more classic threat of the use of force than display of a firearm.

**Conclusion**

Having reconsidered the case in light of the Objections, the Magistrate Judge again respectfully recommends the § 2255 Motion be DISMISSED WITH PREJUDICE. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

April 1, 2017.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).